**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 24, 2020[*]
Decided February 24, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2820

| | |
|---|---|
| ANTHONY CYRIL MARTIN, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana, |
| | Fort Wayne Division. |
| *v.* | No. 1:13-cv-00244-SLC |
| MARK WENTZ, et al., | Susan Collins, |
| *Defendants-Appellants*. | *Magistrate Judge*. |

**O R D E R**

Responding to reports of an armed robbery, Indiana state police officers gave chase to a vehicle driven by Anthony Martin, pursued him on foot, and eventually apprehended him. He brought this civil rights suit, alleging that those officers used excessive force when they arrested and interrogated him. The district court denied the officers' motion for summary judgment, concluding that disputed facts precluded an

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

award of qualified immunity. Because this case turns entirely on disputed facts, we lack jurisdiction over the appeal and must dismiss it.

When reviewing qualified immunity rulings at summary judgment, we often take, as given, the facts that the district court assumed when denying summary judgment. *Day v. Wooten*, 947 F.3d 453, 460 (7th Cir. 2020). Here, the undisputed facts—those that were either admitted to by the parties or confirmed by video evidence—are few. Shortly after midnight on July 23, 2013, officers responded to reports of an armed robbery at a gas station. A red Ford Explorer, which had been seen circling the gas station before the robbery, was spotted by an officer, who started following it. After the Explorer changed lanes and accelerated to speeds exceeding 70 miles per hour, the officer activated his lights to initiate a stop. The driver, who turned out to be Martin, did not pull over and proceeded at high speeds for several miles.

From this point, the facts are almost entirely disputed. Martin declared, under penalty of perjury, that officers ran their vehicle into his, causing him to crash into a utility pole. As he recounted, the officers drew their weapons and ordered him out of the vehicle. He took off running, but the officers caught and tackled him. Even though he then remained passive and did not resist arrest, Martin says various officers kicked and punched him, pressed his "pressure points" behind his ears, and tased him several times. He then says that, after being taken to the police station for interrogation, officers hit him in the head, choked him, and painfully pressed his "pressure points."

The officers countered with a much different story. They denied that they collided with Martin's vehicle or that he drove into a pole. They acknowledged that he fled the scene on foot, but no officer admitted kicking or punching him, pressing "pressure points" to subdue him, or tasing him. Likewise, no officer admitted hitting Martin in the head or choking him at the police station.

Martin sued, and the officers moved for summary judgment. As relevant to this appeal, they argued that qualified immunity shielded them from Martin's claims. They had probable cause to arrest Martin, they contended, and were entitled to use reasonable force during the arrest, so their conduct did not violate any clearly established law and they were therefore entitled to qualified immunity.

A magistrate judge, acting by consent, *see* 28 U.S.C. § 636(c), denied the officers' motion for summary judgment. Without addressing their request for qualified

immunity, the judge determined that it was genuinely disputed whether the officers had used excessive force when arresting and interrogating Martin.

The officers moved to reconsider, pointing out that the court had not ruled on their argument that qualified immunity shielded them from suit. They argued that Martin had not shown that their allegedly unlawful conduct was so apparent that an objectively reasonable officer in their shoes would have recognized that Martin's constitutional rights were being violated. But the magistrate judge disagreed and concluded that genuine disputed facts regarding the timeline of events—whether Martin was beaten and tased before he ran, while he was running, when he was apprehended, or after he was escorted to a police car—precluded the officers' qualified immunity defense.

The officers promptly appealed the denial of qualified immunity. A denial of qualified immunity can be appealed only "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see Plumhoff v. Rickard*, 572 U.S. 765, 771–72 (2014). A defendant may not appeal an order denying immunity "insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The officers argue that, even taking Martin's allegations as true, they did not violate any of his rights that were clearly established as of July 2013. In support, they cite *Dockery v. Blackburn*, 911 F.3d 458, 467 (7th Cir. 2018), where we reiterated that "an officer's use of a Taser against an actively resisting subject either does not violate a clearly established right or is constitutionally reasonable." The officers contend that any force they may have used against Martin was justified by his active resistance—his high-speed drive eluding police, his disregard of officers' commands to pull over, and then his flight on foot.

But the officers' argument on appeal depends entirely on disputed facts. The parties dispute whether Martin was beat and tased while on the ground, whether he was resisting arrest while on the ground, and whether he was choked and hit in the head at the police station. It is readily apparent in this appeal "that the question of qualified immunity turns on genuine issues of material fact." *Levan v. George*, 604 F.3d 366, 370 (7th Cir. 2010). And we have repeatedly warned "that an interlocutory appeal will be dismissed if the argument for qualified immunity is dependent upon disputed facts." *Gutierrez v. Kermon*, 722 F.3d 1003, 1014 (7th Cir. 2013) (collecting cases). We thus lack jurisdiction over this appeal, and the appeal is DISMISSED.